Good morning, your honors. May it please the court, Muhammad Ali Hammoudi on behalf of Mr. Schultz. The issue before the court, one of the main issues is whether the district court erred in increasing Mr. Schultz's base level offense under 3B1.1 when it reached the legal conclusion that he was the instructor, the teacher, and the supervisor of that process. It is our position that the court erred because there was no indication that he exercised control over his co-defendants. And the reason that is is because the co-defendants were not at his beck and call. He was invited into their home and he imparted knowledge onto them. We believe that imparting knowledge onto somebody is not the same as exercising control over them. Did they know how to cook this oil before they met him? No, they did not. Why isn't he the instructor then? We believe that instructing, he is the instructor, he did instruct them on the process, but we don't believe that that's the same as supervising somebody in the sense that you're exercising control over them. I'm having a hard time with that concept. If they didn't know how to do it, it wouldn't have gotten done. And he's the one who took the reins, so to speak, to teach them exactly what to do and then observe them and make sure they were doing it appropriately. So I'm having a hard time figuring out why he doesn't have a leadership role here. To answer that question, I think Lopez Sandoval is particularly instructive. The individuals there did not know how to interpret and didn't speak English. They brought in somebody who did and was able to provide and lead them through the drug transactions by interpreting language for them. But what the focus there was that regardless of that special skill that the individual brought to the transaction, he did not exercise control over them. And in the sense that he wasn't telling them what to do or when to do it or how to do it, they still had the freedom to engage in the conduct or not. A translation is they're doing everything. It's like you could hold up Google Translate and have the same result. But here he's not Google Translate. He's like Google how to cook it. And so that's kind of a whole different proposition, isn't it?  in the sense that the line of cases that talk about that at the very least there's got to be some sort of control over the other co-defendants. And I think what I'm saying here is that imparting knowledge and teaching somebody something in and of itself is not enough. I think that there has to be some exercise of control over them. And I think if you step back and look at this, that if anything, that when he was invited into their home to teach them a skill, and we conceded that, that he taught them how to make the hash oil. But at that point when he imparted the knowledge, they went ahead and repeatedly made the hash oil themselves. There was no situation where he was telling them, continued to tell them after the fact how to do it. He watched them, as you say, watched them make batches, and that's effectively he didn't exercise control over them in no different terms as I am leading you through my. If they were doing it wrong, wouldn't he correct them? I don't know if that's in the record, Your Honor. I mean, I think we can imply that. I mean, he taught them and then he watched them do it to make sure they were doing it correctly. And if they weren't doing it correctly, unfortunately, as we saw in this case, the consequences are substantial. So if somebody is teaching you, watching you do it, assisting you to such a degree that if you do something wrong, they correct you, I'm having a hard time, I'm really having a hard time seeing how he's not leading them in some fashion. In the same way that if I had a plumber come into my house and teach me how to fix my pump, and he leads me through the process of fixing my pump, in no way by any means is he a supervisor. And then he leaves. And then he leaves, okay. Then you'd have a pretty good argument. But let's say the plumber stays there to make sure you're doing it right. Isn't that a different situation? Even if he stays there and makes sure I did do it right, he doesn't have control over me. I invited him in there. I think that I brought him in there. I requested that he be there and teach me something. And maybe the way I understand the concept of supervisor in the 3B1.1 term is that it's important that this individual is leading the other two. But the judge made sure, and he found in excerpts record 78 and 109, that he was not leading them. There was some Pied Piper. Your time has expired. So your argument basically is your client was not Walter White. That's right, Your Honor. Good morning, Your Honors, and may it please the Court. Michael Morgan for the United States. The defendant kind of was Walter White to the defendant's co-defendant, Jesse Pinkman. This is not a case where the defendant just gave them a book on how to make hash oil and vanished. He supplied the equipment necessary to produce this substance. He was the one who had the knowledge, and his whole role in this transaction was to teach them and to instruct them and, as Judge Edgeworth pointed out, to correct them if they made a mistake. There's no evidence in the record that the co-defendants ever manufactured any hash oil independent of the defendant. None. In fact, the pre-sentence report suggests to the contrary. So if the defendant is there watching and in a position to correct and is the person who has the knowledge to make that correction, that's supervision. He doesn't have to be the leader of the whole enterprise. It wasn't a leadership enhancement. It was a supervisory enhancement. And on this factual record, there's just no way the district court could have clearly erred in finding that the defendant acted as a supervisor. Unless the court has any other questions. Thank you, Your Honors. Do you have any rebuttal? No, Your Honor. All right, thank you. We'll next hear argument from the other two defendants, Kaplan and Spicharski.
judges: Hawkins, McKeown, Ezra